ALFREDO PERALTA, Appellant, *v.* FRANCISCO ESCOBAR, Respondent.

First Department, January 11, 1924.

Joint adventure — action for accounting — plaintiff had option on concession — plaintiff wrote defendant for aid in selling concession and suggested pooling commissions and equal division — sale was made by defendant — equal partnership existed — consideration for settlement not shown — delay, short of statutory period, not bar.

In an action for an accounting with respect to an alleged joint venture between the plaintiff and the defendant, the finding by the court that an equal partnership existed between the parties is sustained by the evidence to the effect that plaintiff, who had an option on a concession granted by the Republic of Colombia, wrote to the defendant to secure his aid in procuring a purchaser and suggested that the commissions of both be pooled and equally divided and that if the defendant was not satisfied with that arrangement he might suggest a better

way; and that the defendant upon receipt of the letter proceeded to dispose of the concession under an agreement whereby the plaintiff was to receive a stated amount and a certain number of shares of stock and the defendant and his partner were to receive a stated number of shares in a corporation to be organized.

If the defendant did not intend to acquiesce in the terms offered by the plaintiff, he had no right to remain silent, for it was his duty to speak and he could not accept the offer with a mental reservation.

An alleged settlement between the parties is without consideration, since all that the defendant did in consideration for the settlement was to hand over to the plaintiff the right to collect the commissions allotted to the plaintiff in which the defendant had no interest.

The delay on the part of the plaintiff in bringing the action is not a bar thereto, since the statutory period of limitation had not expired when the action was commenced and a reasonable explanation of the delay was made.

SMITH, J., dissents.

APPEAL by the plaintiff, Alfredo Peralta, from a judgment of the Supreme Court in favor of the defendant, entered in the office of the clerk of the county of New York on the 27th day of January, 1923, upon the decision of the court, rendered after a trial at the New York Special Term, dismissing the complaint.

*Max Schenkman [Frank C. Laughlin* of counsel; *Alfred B. Nathan* with him on the brief], for the appellant.

*John G. Daniel [Martin A. Schenck* of counsel], for the respondent.

FINCH, J.:

The action was for an accounting with respect to an alleged joint venture between the plaintiff and the defendant. The plaintiff made an agreement with the holder of a concession granted by the Republic of Colombia, whereby the holder agreed to transfer the concession to any purchaser procured by the plaintiff who would pay a particular sum, and to pay the plaintiff certain commissions. The plaintiff wrote to the defendant to enlist his aid in procuring a purchaser in the United States, and suggested that the commissions of both the plaintiff and the defendant be pooled and equally divided, " otherwise you shall tell me what better form." In reply the defendant did not suggest any other basis of division, but proceeded to interest capitalists in the purchase of the concession, as a result of which a final agreement was entered into between the capitalists, the holders, the parties to this action, and others, whereby the plaintiff was to receive $50,000 as commission and royalties, and 5,000 shares of stock in an oil company which had been organized by the capitalists to take over the concessions; the defendant was to receive 15,806 shares, and one Estrepo, a partner of the defendant, 15,806 shares. Upon a former appeal involving the pleadings, this court determined that the

letters constituted *prima facie* an equal partnership (203 App. Div. 887), and the Special Term upon the facts has found that there was such a partnership. Such finding is sustained by the evidence, since if the defendant did not intend to acquiesce in the terms offered by the plaintiff, he had no right to remain silent, for it was his duty to speak. He could not accept the offer with a mental reservation, because, as he claims, he did not want to offend the plaintiff by pointing out that it was unethical to share commissions. The record is silent as to whether or not the principals were aware of and acquiesced in such an arrangement, and no rights of the principals are here involved.

The Special Term, however, has found for the defendant upon the ground that there was a settlement between the parties which furnished a complete defense to the action. In so finding, the learned court was in error, since it appears that, upon the alleged settlement, all the defendant did was to hand over to the plaintiff the right to collect the $50,000 which belonged to the plaintiff absolutely and in which the defendant concedes he had no interest, and hence the defense of settlement was without consideration to support it. It appears that the plaintiff had arranged and the agreement provided that the right to collect this $50,000 should be put in the defendant's name, although belonging to the plaintiff, in order that the plaintiff might avoid any attachment of the same. The defendant makes much of the delay by the plaintiff in bringing the action, and this fact apparently was very potent in influencing the decision of the trial court. A reasonable explanation is given by the plaintiff, namely, that the $50,000 was not received in cash, and it was not until he had received $20,000 of it in money that he was able to engage counsel. In the meantime, by a pooling agreement, the stock of the parties had been tied up, which plaintiff considered afforded him a certain measure of security. The defendant has not shown himself entitled to the benefit of a delay short of the statutory period of limitations.

It follows that the judgment appealed from should be reversed, with costs, and an interlocutory judgment entered requiring an accounting, with costs to the plaintiff.

CLARKE, P. J., MERRELL and MARTIN, JJ., concur; SMITH, J., dissents.

Judgment reversed, with costs, and interlocutory judgment directed for an accounting, with costs to the plaintiff. Settle order and exchange proposed orders containing findings upon five days' notice to each side.